## Mountain View Condominium Owners' Association v. Mountain View Associates

*Steven L. Sugarman,* for plaintiff.
*William J. Taylor,* for defendant.

SHENKIN, *J.,* January 8, 1991 — In this case we are faced with the all too common situation in which one party serves interrogatories (or initiates some other facially appropriate discovery request) and the other party totally ignores the interrogatories until the party serving them has filed a motion for sanctions. *Then* the recipient serves answers and/or attempts to lodge objections, actions which should have been taken without requiring the other party to have gone to the time, trouble and expense of filing the additional motion.

In this case, interrogatories and a request for production of documents were served upon counsel for plaintiff on October 18, 1990. There was no response, even though counsel for plaintiff had sent a letter to counsel for defendants concerning other discovery matters. On November 20, 1990, counsel for defendants wrote to counsel for plaintiff requesting responses and advising that if counsel for defen-

dants did not "hear from" counsel for plaintiff, a motion to compel would be filed. Still there was no response.

This motion for sanctions was then filed on December 4, 1990, and *only then* did counsel for plaintiff respond by filing, on December 19, 1990, an answer to the motion to which was appended partial answers and responses together with objections to certain of the requested discovery. In its answer to the motion plaintiff states that "defendants' counsel knew or should have known that plaintiff's responses to defendants' discovery requests *(other than objections thereto)* would require" more than 30 days to answer. (emphasis supplied) Nowhere does counsel for plaintiff state that he contacted counsel for defendants and advised him of this time requirement or that he requested additional time to respond *or that he filed those objections which by his own answer did not require more time* or even that he advised counsel for defendants of his intention to object to some of the requested discovery. In spite of the fact that counsel for plaintiff was in contact with counsel for defendants with regard to discovery which he — counsel for plaintiff — wished to pursue, he made no effort to acknowledge the defendants' outstanding discovery requests. Instead, he followed the unfortunate and unacceptable practice of ignoring that discovery until defendants were forced to file the motion here under consideration. In defense, counsel for plaintiff argues that the discovery could not reasonably be expected to have been answered within 30 days.

We emphasize that it was not the failure to file answers and produce documents which is so objectionable, since a good-faith effort to respond to discovery can indeed take more time than allowed by the Rules of Civil Procedure as of course, but

rather the failure to have acknowledged in any way even the existence of the outstanding discovery. There is no indication in this record of so much as a phone call, let alone a letter, acknowledging the receipt of the discovery, requesting additional time to consider the discovery and respond or object thereto, or indicating an intention to answer and respond in part and to object in part. And, we repeat, in the answer to this motion, counsel for plaintiff acknowledges that there was no reason whatsoever why the objections were not filed within 30 days. Under these circumstances, we deem any objections to the requested discovery to have been waived.

Pa.R.C.P. 4019(a)(2) provides that failure to serve answers, sufficient answers or objections to written interrogatories or to respond to a request for production of documents "may not be excused on the ground that the discovery sought is objectionable unless the party failing to act has filed an appropriate objection or has applied for a protective order." Accordingly, we hold that an objection to interrogatories or other discovery or an application for protective order must be filed before the party seeking discovery has filed a motion for sanctions, or other motion seeking to enforce compliance with the discovery request, or else such objection or the grounds upon which the protective order is sought shall be waived. See *Nissley v. Pennsylvania Railroad Company,* 435 Pa. 503, 510, 259 A.2d 451, 455 (1969); *J.J. White Inc. v. Buckley and Company Inc.,* 65 D.&C. 2d 794 (1974); *Bonk v. Block,* 12 D.&C. 3d 749 (1980).

We are not here faced with the situation in which an objection was filed or protective order sought more than 30 days after the discovery request was served but before the party seeking the discovery

had taken any action to compel compliance with the discovery request. It may be that the objection or request for protective order will not be required — upon penalty of waiver — to be filed within the same time period as is allotted for the response to the discovery request, but we are not here faced with that precise issue. Here we have the situation in which no objection was lodged until after the party promulgating the interrogatories had been forced to file a motion for sanctions in order to get any response at all from opposing counsel, and our decision is limited to that situation.

We recognize that in *Hall v. Sears Roebuck & Company,* 14 D.&C. 3d 231 (1980) the court held that objections to interrogatories may be considered so long as filed prior to disposition of a motion to compel answers. In the *Hall* case, *supra,* the defendant served interrogatories; seven months later the defendant filed a motion for sanctions seeking full and complete answers to the interrogatories; after the motion had been filed but prior to the hearing on the motion, plaintiffs filed general objections to the interrogatories. The court noted that although Pa.R.C.P. 4006(2) provides that objections to interrogatories shall be filed within 30 days, the rule does not expressly state that any objections not so filed are waived. The court also noted that although Pa.R.C.P. 4019(a)(2) provides that failure to answer interrogatories cannot be excused on the ground that the discovery sought is objectionable if a party has not filed objections or applied for a protective order, it does not specifically state when such objections must be filed. The court then did consider the objections and sustained them in part, ruling that such objections could be considered so long as they were filed at any time prior to the hearing on the motion for sanctions.

In the *Hall* case, the court was concerned that it could find no basis for disregarding the protections of Pa.R.C.P. 4011 and ordering discovery of matters which it considered to be outside the scope of the discovery rules. We find Pa.R.C.P. 4019(a)(2) to be ample basis. Pa.R.C.P. 4011 is not self-executing; a party wishing the benefit of the protections of that rule must seek to invoke them in a timely fashion. And we do not find that the Rules of Civil Procedure set forth a list of such matters as may be inquired into; rather the general philosophy is that everything is presumed to be discoverable, subject to specific limitations set forth in various rules. As we perceive the situation, nothing is per se outside the scope of the rules. Much evidence is given in court which would be inadmissible *if objected to* but which comes in and is fully probative because no objection is made. Just so, we find that any interrogatory is required to be answered unless a timely objection thereto is lodged or protective order sought. Rights, slept on, are lost every day and we see nothing to be gained by encouraging dilatory and discourteous behavior. Discovery received is entitled to a response *before* the party proffering the discovery must seek the court's assistance.

The decision in *Hall v. Sears Roebuck & Company, supra,* gives primacy to the protections of Pa.R.C.P. 4011 over the obligations of Pa.R.C.P. 4006(2) and the directive of Pa.R.C.P. 4019(a)(2), and the court stated that its decision was consistent with most cases which considered the issue under the previous rules of discovery. However, all of the cases cited in *Hall v. Sears Roebuck & Company, supra,* were decided prior to the adoption of Pa.R.C.P. 4019(a)(2). Also we note that under the previous rules, it was stated that a party *may* file objections within 10 days after service of the inter-

rogatories; the present rule states that objections *shall* be filed within 30 days. And the previous rules required a *willful* failure to respond before sanctions could be imposed; under the present rules sanctions may be imposed merely upon the failure to respond, whether willful or not (willfulness being only a factor to be considered in determining whether a sanction is to be imposed and, if it is, what sanction is appropriate). It is clear to us that the intention of Rule 4019(a)(2) is to prevent just the situation which occurred in this case. Otherwise the rule would be practically meaningless; its only effect would be to preclude a party from defending against a motion for sanctions on the basis that the discovery is objectionable when no objection had actually been filed or protective order applied for.

Permitting objections to be lodged or protective orders to be applied for at so late a time (that is, after a motion for sanctions or other motion to enforce discovery has been filed) would vitiate Pa.R.C.P. 4019(a)(2) but requiring such action before the court's assistance is invoked to enforce discovery rights gives effect and a proper balance both to those rules which limit the scope of discovery as well as to those rules requiring diligence in response to discovery requests received. Our ruling in this case does not diminish any limitation imposed upon the scope of discovery; it requires only that such limitations be raised in a timely fashion. Moreover, our ruling will encourage parties to make discovery disputes known to each other before the court becomes involved and will further the policy that parties ought to make a good-faith effort to resolve such disagreements before invoking the assistance of the court. How can one party examine objections to its discovery (and possibly reconsider the propriety thereof in the face of such objections) *before* coming

into court if the other party is not even required to make such objections known?

For the reasons set forth above, we enter the following

## ORDER

And now, January 8, 1991, upon consideration of defendants' motion for sanctions, it is hereby ordered that plaintiff shall serve upon defendants' counsel full and complete answers to interrogatories numbers 1, 2, 6 through 58 inclusive, including all sub-parts thereof, 59(b) and (c), 60(b) and (c) and 61 through 71 inclusive, including all sub-parts thereof, of defendants' first set of interrogatories addressed to plaintiff, and interrogatories numbers 1 through 9 inclusive of defendants' expert interrogatories directed to plaintiff, within 30 days of the date of this order, and shall produce to defendants' counsel for inspection and copying all documents in its possession or within its control responsive to defendants' first request for the production of documents addressed to plaintiff within 30 days of the date of this order or suffer such sanctions as this court may thereafter deem appropriate.